UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TUSCOLA WIND III, LLC,

        Plaintiff,                                Case No. 17-cv-10497

v                                                      Honorable Thomas L. Ludington

ALMER CHARTER TOWNSHIP, et al,

        Defendants.
_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE
A SECOND MOTION FOR SUMMARY JUDGMENT AND
ADJOURNING SCHEDULING ORDER DATES**

On February 15, 2017, Plaintiff Tuscola Wind III, LLC, ("Tuscola") filed a complaint naming the Almer Charter Township and that Township's Board of Trustees as Defendants. ECF No. 1. Tuscola Wind's claims arise out of Defendants' denial of a Special Land Use Permit ("SLUP") that would have permitted Tuscola Wind to construct the "Tuscola III Wind Energy Center" in Tuscola County, Michigan. Compl. at 6. On February 26, 2018, Defendants filed a motion for summary judgment. ECF No. 55. On June 12, 2018, the Court granted the motion in part. ECF No. 70. Presently, the only surviving claim involves an alleged violation of the Michigan Open Meetings Act. Trial is presently scheduled to begin on July 10, 2018, at 8:30 a.m.

On June 25, 2018, the Township filed a motion for leave to file a second motion for summary judgment. ECF No. 72. Tuscola opposes the motion. ECF No. 73. On June 27, 2018, the Court held a final pretrial conference. As discussed at that conference and for the reasons stated below, the Township's motion will be granted and the scheduling order will be adjourned.

## I.

In the June 12, 2018, opinion and order, the Court summarized the genuine issues of material fact surrounding the Open Meetings Claim as follows:

> . . . The attached emails clearly support a finding that members of the Board repeatedly emailed all members via blind carbon copy. Merely emailing all members does not violate the OMA unless there was some level of discourse on an issue of public policy. And neither of the exhibits cited by Tuscola contain discourse between multiple members. But the emails strongly suggest that the procedure was adopted in order to facilitate communication between the Board. And, as the *Markel* Court recognized, the fact that Board members may have later acted consistently with emails they did not reply to suggests that some level of participation in deliberation occurred. [*Markel v. Mackley*, 2016 Mich App. LEXIS 2004, at *12] ("This is especially true where there was evidence that defendants intended to subvert the OMA, as noted by the trial court, and at least one commissioner was advised against sending emails that included a quorum of the PRC actively deliberating. ").
>
> In short, the emails identified by Tuscola do not clearly constitute violations of the OMA. None of the identified email chains involve replies by other commissioners, and no evidence has been presented to suggest that Board members later made decisions at public meetings in reliance on information received by email. But the identified emails do identify a procedure which expressly contemplated communications which could violate the OMA. And, importantly, Tuscola does not bear the burden of proving that an OMA violation occurred at this stage. Rather, in order to justify summary judgment, the Township must show that no violation occurred as a matter of law. Given the Township's threadbare briefing on this issue and the outstanding factual questions, the Township has not met that burden. Tuscola's OMA claim will be dismissed in part.

June 12, 2018, Op. & Order at 40–41, ECF No. 70.

## II.

"District courts may in their discretion permit renewed or successive motions for summary judgment, particularly when the moving party has expanded the factual record on which summary judgment is sought." *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 835 (6th Cir. 2000). Here, Open Meetings Act issue was given very limited attention during the briefing for the first summary judgment motion. The Township did not even address the question of whether the practice of blind

carbon copy emailing other board members violated the OMA in the motion for summary judgment. Tuscola devoted two paragraphs to the issue in its response brief. In its reply brief, the Township provides three sentences on the topic. Given this threadbare briefing (and similarly limited factual support), a second summary judgment motion which expands the factual record on this claim is warranted. The Township's motion for leave to file a second motion for summary judgment will be granted. In order to allow time for that motion to be briefed and decided, an adjournment of the trial date is necessary.

**III.**

Accordingly, it is **ORDERED** that Defendants' motion for leave to file a second motion for summary judgment, ECF No. 72, is **GRANTED.**

It is further **ORDERED** that Defendants are **DIRECTED** to file the second motion for summary judgment **on or before July 6, 2018.**

It is further **ORDERED** that Plaintiff is **DIRECTED** to file its response brief **on or before July 20, 2018.** Defendants shall file their reply brief, if necessary, **on or before July 27, 2018.**

It is further **ORDERED** that a hearing on the anticipated second motion for summary judgment is **SCHEULED for** August 13, 2018, at 2:00 p.m.

It is further **ORDERED** that the Scheduling Order is **AMENDED as follows:**

| | |
|---|---|
| Updated Pretrial Disclosures: | September 4, 2018 |
| Final Pretrial Conference: | September 10, 2018, at 3:00 p.m. |
| Jury Trial: | September 25, 2018, at 8:30 a.m. |

Dated: June 29, 2018
s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 29, 2018.

                                            s/Kelly Winslow
                                            KELLY WINSLOW, Case Manager